United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60999
Summary Calendar

GRANT AYERS

Plaintiff-Appellee,

versus

JOSEPH THOMAS, SR., in his individual capacity,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:05-CV-75
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Joseph Thomas, Sr., a police officer for the City of Holly Springs, has filed an interlocutory appeal of the district court's order denying summary judgment on his qualified immunity defense in a case involving a dispute between Thomas and the plaintiff, Grant Ayers, over a traffic stop.

A district court's decision to deny qualified immunity on a motion for summary judgment is only immediately appealable if it turns on an issue of law, and is not immediately appealable if it is based on a claim regarding the sufficiency of the evidence.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gobert v. Caldwell, 463 F.3d 339, 344 (5th Cir. 2006). "Therefore, if the district court concludes that the summary judgment record raises a genuine issue of material fact with respect to whether ... qualified immunity is applicable, then that decision is not immediately appealable...." Id., quoting Palmer v. Johnson, 193 F.3d 346, 351 (5th Cir. 1999). The only authority Thomas cites to the contrary is Petta v. Rivera, 143 F.3d 895, 899 (5th Cir. 1998), a case in which the district court denied summary judgment without any explanation. In this case, the district court explained its decision in a written opinion, concluding that the evidence presented "clearly establishes fact issues" as to the First Amendment claims. The court deferred a decision on the Fourth Amendment claims, noting that it was disinclined to ultimately allow them to proceed. Even if this deferral is assumed to constitute a final order, the court's decision was also based solely on whether there were "triable jury issues regarding plaintiff's Fourth Amendment claims against Thomas." We therefore DISMISS THE APPEAL for lack of jurisdiction.